**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYREE SLOCUM, | |
| Appellant | No. 180 EDA 2016 |

Appeal from the PCRA Order of December 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010405-2009

BEFORE:  OLSON, SOLANO and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED January 12, 2017**

Appellant, Kyree Slocum, appeals *pro se* from the order entered on December 11, 2015, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court has provided this Court with an able and well-written summary of the underlying facts and procedural posture of this appeal.  As the PCRA court explained:

> On the evening of October 28, 2008, Barry Johnson [(hereinafter "victim Johnson")] and Reubin Eason [(hereinafter "victim Eason")] each sustained fatal gunshot wounds near the 2300 block of North Marshall Street in Philadelphia.  In the hours leading up to the shooting, victim Johnson was with[:] his cousin, Travis Johnson[;] . . . a friend, Roscoe Hall[;] and[,] Hall's cousin, Chris Johnson. The men spent the day driving throughout Philadelphia in Hall's Ford Excursion. . . .
>
> After dinner, the men dropped victim Johnson off at [Appellant's] home and left.  Victim Johnson's cousin, David

* Former Justice specially assigned to the Superior Court.

Beatty [(hereinafter "Beatty")], . . . victim Eason[,] and [Appellant] were all at [Appellant's] home when victim Johnson arrived. While at [Appellant's] home, victim Johnson, victim Eason, Beatty, and [Appellant] prepared bulk quantities of drugs for individual sale. While the men were finished breaking down the drugs, Beatty left [Appellant's] home for a short time in order to deposit the drugs in a nearby "stash house." Victim Eason also briefly left [Appellant's] home. At approximately this point, Travis Johnson, Chris Johnson, and Roscoe Hall returned in the Excursion to [Appellant's] home to pick up victim Johnson.

Upon arriving at [Appellant's] home, Hall briefly entered and asked [Appellant] to tell victim Johnson that his cousins were waiting for him outside in the parked car. Approximately five to ten minutes later, victim Johnson exited [Appellant's] home and approached the Excursion. Meanwhile, victim Eason and Beatty returned from their respective outings and met on the sidewalk in front of [Appellant's] house, just several feet from the parked Excursion which had Travis Johnson, Chris Johnson, and Hall inside. [Appellant] then exited his home, approached the Excursion, and peered inside. Victim Johnson and [Appellant] then had a brief conversation which culminated in [Appellant] exclaiming, "this shit is fucked up!" [Appellant] then briefly went back inside his home, return[ed] with a .40 caliber Smith and Wesson firearm[, and] fired numerous times at both victims as well as at the men in the Excursion.

The three men in the car saw victim Eason and victim Johnson fall to the ground; the two had sustained gunshot wounds. Victim Johnson suffered a single, fatal gunshot wound to the head. Victim Eason suffered three gunshot wounds, including a fatal shot to the head. Finally, Christopher Johnson suffered a single, non-fatal gunshot wound to the back as he was fleeing from [Appellant].

Having heard the gunshots, a nearby resident called police when he found an unidentified gun in his backyard. At trial, Beatty confirmed that this was the .40 caliber Smith and Wesson weapon he knew [belonged to Appellant]. Investigators found [11] fired cartridge cases on the 2300 block of North Marshall Street, all of which matched the gun

that was recovered. [Appellant] fled and was eventually located in Egypt and, on June 18, 2009, [Appellant] was brought back to Philadelphia.

. . .

On May 25, 2011, following a capital jury trial[, Appellant] was convicted of two counts of first-degree murder [], one count of attempted murder [], and one count of possessing instruments of crime[].[1] On May 26, 2011, at the conclusion of the penalty phase, the jury returned a sentence of life on each first-degree murder charge. [The trial court] then imposed those mandatory sentences on [Appellant].

. . . [Appellant] filed a timely notice of appeal to the Superior Court. On June 19, 2012, the Superior Court affirmed [Appellant's] judgment of sentence, and on October 31, 2013, our Supreme Court denied [Appellant's] petition for allowance of appeal.

[Appellant] filed a *pro se* PCRA petition on February 4, 2013. Counsel was appointed[] and [appointed counsel petitioned for permission to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. Having reviewed the pleadings and conducted an independent review, [on August 28, 2015, the PCRA] court sent [Appellant] notice of its intent to dismiss [Appellant's] PCRA petition without a hearing pursuant to [Pennsylvania Rule of Criminal Procedure] 907. . . . On September 8, 2015, [Appellant] filed a request for an extension of time to respond to [the] court's [Rule] 907 notice, which [the PCRA] court granted. [Appellant] responded on November 17, 2015. Having reviewed [Appellant's] response, [the PCRA] court nevertheless dismissed [Appellant's] PCRA petition on December 11, 2015, and permitted counsel to withdraw.

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 901, and 907, respectively.

- 3 -

PCRA Court Opinion, 5/4/16, at 1-4 (internal citations and footnotes omitted) (some internal capitalization omitted).

Appellant filed a timely, *pro se* notice of appeal and now raises the following claims to this Court:

> 1) [The PCRA] court erred in accepting PCRA counsel's no-merit letter, and PCRA counsel was ineffective for failing to go beyond the claims presented and conduct an extra-record investigation.
>
> 2) PCRA counsel was ineffective in failing to advance [Appellant's] claim that trial counsel failed to meaningfully consult with him prior to trial. [The PCRA] court erred in accepting PCRA counsel's assertion of no merit with respect to this claim.
>
> 3) PCRA counsel was ineffective in failing to better articulate the claim [Appellant] presented for review regarding David Beatty. [The PCRA] court erred in accepting PCRA counsel's no merit letter.
>
> 4) PCRA counsel was ineffective in failing to investigate the law governing [Appellant's] claims and better articulate [Appellant's] claims regarding Detective Ronald Dove. [The PCRA] court erred in accepting PCRA counsel's no merit letter.

Appellant's Brief at 6.

We reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able PCRA court judge, the Honorable M. Theresa Sarmina. We conclude that there has been no error in this case and that Judge Sarmina's opinion, entered on May 4, 2016, meticulously and accurately disposes of Appellant's issues on appeal. Therefore, we affirm on the basis of Judge Sarmina's opinion and adopt it as

our own. In any future filings with this or any other court addressing this ruling, the filing party shall attach a copy of the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2017

PHILADELPHIA COURT OF COMMON PLEAS
CRIMINAL TRIAL DIVISION

COMMONWEALTH :

v.

KYREE SLOCUM

Sarmina, J.
May 4, 2016

: CP-51-CR-0010405-2009

: Superior Court Docket
No.: 180 EDA 2016

FILED
MAY 04 2016
Criminal Appeals Unit
First Judicial District of PA

OPINION

## PROCEDURAL HISTORY:

On May 25, 2011, following a capital jury trial[1] before this Court, Kyree Slocum (hereafter, petitioner) was convicted of two counts of first-degree murder (H-1), one count of attempted murder (F-1), and one count of possessing instruments of crime (PIC)(M-1).[2] On May 26, 2011, at the conclusion of the penalty phase, the jury returned a sentence of life on each first-degree murder charge. This Court then imposed those mandatory sentences on petitioner.[3] N.T. 5/26/11 at 142-43.

On June 6, 2011, petitioner filed post-sentence motions, which were denied by this Court on October 10, 2011. Petitioner filed a timely notice of appeal to the Superior Court.[4] On June 19,



CP-51-CR-0010405-2009 Comm. v. Slocum, Kyree.
Opinion.

7442389511

---

[1] At trial, petitioner was represented by Robert Gamburg, Esquire.

[2] 18 Pa.C.S. §§ 2502(a), 901, and 907(a), respectively. Petitioner was found not guilty of a second count of attempted murder.

[3] The sentence on the second first-degree murder charge was ordered to run consecutive to the first first-degree murder charge. As to the charge of attempted murder, petitioner was sentenced to a consecutive term of not less than fifteen years nor more than forty years in prison. As to the PIC charge, petitioner was sentenced to a concurrent term of not less than one year nor more than five years in prison. N.T. 5/26/11 at 149.

[4] Petitioner was represented by John Belli, Esquire on appeal.

2012, the Superior Court affirmed petitioner's judgment of sentence, and on October 31, 2013, our Supreme Court denied petitioner's petition for allowance of appeal.[5]

Petitioner filed a *pro se* PCRA petition on February 4, 2013. Counsel was appointed,[6] and filed a Finley[7] letter and motion to withdraw as counsel on June 26, 2015. PCRA counsel filed a supplemental Finley letter on August 3, 2015. Having reviewed the pleadings and conducted an independent review, this Court sent petitioner notice of its intent to dismiss petitioner's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice) on August 28, 2015. On September 8, 2015, petitioner filed a request for an extension of time to respond to this Court's 907 Notice, which this Court granted. Petitioner responded on November 17, 2015. Having reviewed petitioner's response, this Court nevertheless dismissed petitioner's PCRA petition on December 11, 2015, and permitted counsel to withdraw. This timely appeal followed.[8]

## FACTS:[9]

On the evening of October 28, 2008, Barry Johnson (victim Johnson) and Reubin Eason (victim Eason) each sustained fatal gunshot wounds near the 2300 block of North Marshall Street in Philadelphia. Notes of Testimony (N.T.) 5/19/2011 at 46, 55, 90. In the hours leading up to the shooting, victim Johnson was with his cousin, Travis Johnson, as well as with a friend, Roscoe Hall, and Hall's cousin, Chris Johnson. Id. at 180. The men spent the day driving throughout

---

[5] Commonwealth v. Kyree Slocum, No. 2948 EDA 2011, slip op. (Pa.Super., June 19, 2012) (memorandum opinion), *allocatur denied*, No. 334 EAL 2012, slip op. (Pa., Oct. 31, 2012).

[6] Janis Smarro, Esquire was appointed to represent petitioner on collateral attack.

[7] Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988).

[8] Petitioner filed a notice of appeal on January 5, 2016. Thereafter, on January 12, 2016, this Court ordered petitioner to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Petitioner complied with this Court's order on February 4, 2016. However, on March 14, 2016, petitioner's appeal was dismissed by the Superior Court for failure to file a docketing statement pursuant to Pa.R.A.P. 3517. On April 12, 2016, the Superior Court granted petitioner's application for reinstatement of appeal, and petitioner's appeal was reinstated.

[9] The facts are as stated in this Court's February 10, 2012 Pa.R.A.P. 1925(a) Opinion.

2

Philadelphia in Hall's Ford Excursion. Id. After dinner, the men dropped victim Johnson off at [petitioner's] home and left. Id. at 183; N.T. 5/20/2011 at 13. Victim Johnson's cousin, David Beatty (Beatty), as well as victim Eason and [petitioner] were all at [petitioner's] home when victim Johnson arrived. N.T. 5/20/2011 at 79. While at [petitioner's] home, victim Johnson, victim Eason, Beatty, and [petitioner] prepared bulk quantities of drugs for individual sale. Id. at 80. When the men were finished breaking down the drugs, Beatty left [petitioner's] home for a short time in order to deposit the drugs in a nearby "stash house." Id. at 130. Victim Eason also briefly left [petitioner's] home.[10] Id. At approximately this point, Travis Johnson, Chris Johnson, and Roscoe Hall returned in the Excursion to [petitioner's] home to pick up victim Johnson. N.T. 5/19/2011 at 169-70.

Upon arriving back at [petitioner's] home, Hall briefly entered and asked [petitioner] to tell victim Johnson that his cousins were waiting for him outside in the parked car. Id. at 168; N.T. 5/20/2011 at 30, 35. Approximately five to ten minutes later, victim Johnson exited [petitioner's] home and approached the Excursion. N.T. 5/19/2011 at 193. Meanwhile, victim Eason and Beatty returned from their respective outings and met on the sidewalk in front of [petitioner's] house, just several feet from the parked Excursion which had Travis Johnson, Chris Johnson, and Hall inside. Id. at 80. [Petitioner] then exited his home, approached the Excursion, and peered inside. N.T. 5/20/2011 at 207-08. Victim Johnson and [petitioner] then had a brief conversation which culminated in [petitioner] exclaiming, "this shit is fucked up!" Id. at 208. [Petitioner] then briefly went back inside his home, returning with a .40 caliber Smith and Wesson firearm which he fired numerous times at both victims as well as at the men in the Excursion. Id. at 86-87, 90; N.T. 5/19/2011 at 170-73, 208.

---

[10] The record is not clear as to why victim Easton left [petitioner's] home.

3

The three men in the car saw victim Eason and victim Johnson fall to the ground; the two had sustained gunshot wounds. N.T. 5/19/2011 at 193-94; N.T. 5/20/2011 at 14-15. Victim Johnson suffered a single, fatal, gunshot wound to the head. N.T. 5/19/2011 at 43-44. Victim Eason suffered three gunshot wounds, including a fatal shot to the head. Id. at 50-54. Finally, Christopher Johnson suffered a single, non-fatal gunshot wound to the back as he was fleeing from [petitioner]. Id. at 173.

Having heard the gunshots, a nearby resident called police when he found an unidentified gun in his backyard. N.T. 4/21/2011 at 7-8. At trial, Beatty confirmed that this was the .40 caliber Smith and Wesson weapon he knew as [petitioner's]. N.T. 5/20/2011 at 90. Investigators found eleven fired cartridge cases on the 2300 block of North Marshall Street, all of which matched the gun that was recovered. N.T. 5/23/2011 at 84-93. [Petitioner] fled and was eventually located in Egypt and, on June 18, 2009, was brought back to Philadelphia. N.T. 5/20/2011 at 188-91; 194-97.

## LEGAL ANALYSIS:

Petitioner has raised four issues on appeal:[11]

1) This Court erred in accepting PCRA counsel's no-merit letter, and PCRA counsel was ineffective for failing to go beyond the claims presented and conduct an extra-record investigation.

2) PCRA counsel was ineffective for failing to advance petitioner's claim that trial counsel failed to meaningfully consult with him prior to trial. This Court erred in accepting PCRA counsel's assertion of no merit with respect to this claim.

3) PCRA counsel was ineffective in failing to better articulate the claims petitioner presented for review regarding David Beatty. This Court erred in accepting PCRA counsel's no merit letter.

4) PCRA counsel was ineffective in failing to investigate the law governing petitioner's claims and better articulate petitioner's claims regarding Detective Ronald Dove. This Court erred in accepting PCRA counsel's no merit letter.

---

[11] The issues have been rephrased for ease of disposition.

4

1. This Court erred in accepting PCRA counsel's no-merit letter, and PCRA counsel was ineffective for failing to go beyond the claims presented and conduct an extra-record investigation.

First, petitioner claims that this Court erred in accepting PCRA counsel's Finley letter, and that PCRA counsel was ineffective for failing to go beyond the claims presented and conduct an extra-record investigation. As both this Court and PCRA counsel complied with the rules set forth in Turner/Finley,[12] this claim fails.

In accordance with the rules set forth in Commonwealth v. Turner, and Commonwealth v. Finley, after PCRA counsel has conducted an independent review of the record and determines that there are no issues of arguable merit, the following requirements must be met:

> 1) PCRA counsel must submit a no merit letter detailing the nature and extent of his or her review;
> 2) The no merit letter by PCRA counsel must list each issue the petitioner wished to have reviewed;
> 3) The PCRA counsel's no merit letter must include an explanation of why the petitioner's issues were meritless;
> 4) The PCRA court must conduct its own independent review of the record; and
> 5) The PCRA court must agree with counsel that the petition was meritless.

Finley, 550 A.2d at 215.

Our Supreme Court has held that there is no requirement under Turner/Finley that "counsel launch into an extra-record investigation of every claim raised by a PCRA petitioner on collateral attack." Commonwealth v. Rykard, 55 A3d 1177, 1190 n.9 (Pa.Super. 2012), citing Commonwealth v. Porter, 728 A.2d 890, 895 (Pa. 1990).

In the instant case, PCRA counsel complied with all of the requirements set forth in Turner/Finley. Contrary to petitioner's assertion, PCRA counsel's Finley letter adequately detailed the nature and extent of her review: "I reviewed the Quarter Sessions' [sic] file in Room 206, Criminal Justice Center, the petitioner's *pro se* PCRA petition, court opinions and exchanged

---

[12] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).

5

correspondence with the petitioner." Finley Letter, 6/26/15, at 1. PCRA counsel then listed the issues petitioner wished to have reviewed and explained why those issues lacked merit. Thereafter, on July 4, 2015, PCRA counsel wrote to this Court, explaining that her initial attempts to track down petitioner's witnesses were futile. However, on June 26, 2015, petitioner forwarded a list of potential witnesses, along with their addresses. Therefore, PCRA counsel requested that this Court delay its independent review so that PCRA counsel could investigate these witnesses further. See PCRA Counsel Letter, 7/4/15, Attachment A. This Court granted PCRA counsel's request, and PCRA counsel thereafter filed a supplemental Finley letter, on August 3, 2015.[13] This Court conducted its own independent examination of the record, and determined that petitioner's claims were meritless, explaining its reasons for dismissal in its August 28, 2015 907 Notice. There is no requirement in Turner or Finley that counsel go beyond the record and the claims presented and conduct an extra-record investigation.

Therefore, as PCRA counsel and this Court complied with the requirements set forth in Turner/Finley, and accurately determined that petitioner's claims lacked merit, this claim fails.

**2. PCRA counsel was ineffective for failing to advance petitioner's claim that trial counsel failed to meaningfully consult with him prior to trial. This Court erred in accepting PCRA counsel's assertion of no merit with respect to this claim.**

Petitioner's second claim is that PCRA counsel was ineffective for failing to advance petitioner's claim that trial counsel failed to meaningfully consult with him prior to trial. Petitioner further claims that this Court erred in accepting PCRA counsel's assertion of no merit with respect to this claim. In his *pro se* PCRA petition, petitioner claimed that trial counsel's three visits to petitioner in prison were not enough, and did not constitute meaningful consultations – "[n]othing

---

[13] In the supplemental Finley letter, PCRA counsel explained that she had an investigator, Wayne Schmidt, Sr., follow up on the information that petitioner provided. Mr. Schmidt went to the addresses petitioner provided for the three additional witnesses, and attempted to contact the witnesses by telephone, all with negative results. Such negative results were detailed further in PCRA counsel's supplemental Finley letter. Supplemental Finley Letter, 8/3/15.

6

regarding discovery, strategy, defenses, jury selection or the decision about whether to testify was discussed." Petitioner's *Pro Se* PCRA Petition, 2/4/13, at 6. Upon review of the record, this Court found that petitioner's claim lacked merit. Therefore, as PCRA counsel cannot be held ineffective for failure to assert a meritless issue, this claim fails.

When a PCRA petitioner raises a claim of PCRA counsel's effectiveness, he bears the burden to demonstrate two layers of ineffective assistance – first by trial counsel, then by PCRA counsel.

> To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011). Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney. Id. at 1128; see also Commonwealth v. Reyes, 870 A.2d 888 (Pa. 2005); Commonwealth v. McGill, 832 A.2d 1014 (Pa. 2003). Layered claims of ineffectiveness "are not wholly distinct from the underlying claims," because "proof of the underlying claim is an essential element of the derivative ineffectiveness claim." Reyes, 870 A.2d at 896 (proving three prong ineffectiveness test for trial counsel establishes arguable merit to appellate counsel's ineffectiveness). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue."

Commonwealth v. Rykard, 55 A.3d 1177, 1189-90 (Pa.Super. 2012).

PCRA counsel cannot be ineffective for failing to raise a meritless claim. Id. at 1190.

Petitioner argued that he was entitled to relief under Commonwealth v. Brooks, in which our Supreme Court held that, under Strickland v. Washington,[14] trial counsel's failure to conduct a single, face-to-face meeting with his client prior to a capital trial constituted ineffective assistance of counsel. 839 A.2d 245 (Pa. 2003). Under Brooks, in addition to demonstrating arguable merit and lack of reasonable basis, a petitioner must also prove the prejudice prong of the ineffectiveness test

---

[14] 466 U.S. 668 (1984).

7

in order to get relief. Commonwealth v. Elliott, 80 A.3d 415, 432 (Pa. 2013). Prejudice can be demonstrated by alleging information or issues about which counsel would have become aware, and would have presented, had he conducted more meaningful consultation with petitioner, and which would have resulted in a reasonable probability that the outcome at trial would have been different. Id.

The facts of Brooks are much different than the facts of petitioner's case. In Brooks, trial counsel failed to conduct even a single face-to-face meeting with his client, who was on trial for capital murder. 839 A.2d at 249. Here, it was admitted by petitioner that trial counsel met with him at least three times prior to his trial. Additionally, petitioner failed to allege any issues about which trial counsel would have become aware had he consulted with petitioner further. Thus, petitioner has not shown how he was prejudiced by this lack of "meaningful consultation." As PCRA counsel cannot be held ineffective for failure to advance a meritless claim, this claim fails.

**3. PCRA counsel was ineffective in failing to better articulate the claims petitioner presented for review regarding David Beatty. This Court erred in accepting PCRA counsel's no merit letter on this issue.**

Petitioner's third claim is that PCRA counsel was ineffective for failing to better articulate the claims petitioner presented for review regarding David Beatty. In his *pro se* PCRA petition, petitioner claimed that trial counsel was ineffective for failing to effectively use the prior statement of Beatty. Additionally, petitioner claimed that the Commonwealth violated petitioner's due process rights by failing to disclose all deals, agreements, and benefits extended to Beatty prior to trial. However, as the manner in which to cross-examine witnesses is a matter of trial strategy, and petitioner has not proven how he was prejudiced, this Court properly found that this claim lacked merit. As PCRA counsel cannot be found ineffective for failure to raise a meritless issue, this claim fails.

8

"The manner in which to cross-examine adverse witnesses is largely a matter of trial strategy to be determined by counsel. As a general rule, 'trial strategy is a matter best left to counsel and [ ] a defendant is not entitled to relief simply because the strategy is unsuccessful.'" Commonwealth v. McMaster, 666 A.2d 724, 732 (Pa.Super. 1995), *quoting* Commonwealth v. Tippens, 598 A.2d 553, 556 (Pa.Super. 1991).

> Trial decisions, including a decision as to whether to cross-examine a witness, are within the exclusive province of counsel. Counsel will not be declared ineffective where, as here, his trial strategy had a reasonable basis designed to effectuate his client's interest . . . and appellant has failed to show that the alternatives not chosen offered a potential for success substantially greater than the strategy and tactics actually utilized.

Commonwealth v. Metzger, 441 A.2d 1225, 1229-30 (Pa.Super. 1981)(citations omitted).

Trial counsel did not cross-examine David Beatty regarding any prior statement; however, petitioner failed to point out what specifically counsel should have used on cross-examination. As trial counsel did extensively cross-examine Mr. Beatty regarding his plea agreement and his knowledge of this crime, he was well within his discretion in determining what cross-examination would aid his trial strategy. Therefore, this Court properly determined that this claim failed.

Additionally, petitioner claimed that the Commonwealth failed to disclose all deals, agreements, and benefits extended to key Commonwealth witness David Beatty prior to trial.

Under the Confrontation Clause, a defendant has the right to confront a witness through cross-examination regarding any favorable treatment he/she may be receiving for testifying at trial. Davis v. Alaska, 415 U.S. 308, 320 (1974). Trial counsel did exactly that, and the jury heard testimony that Beatty had been arrested for drug offenses, what the potential sentences for those crimes were, and the terms of his guilty plea and sentences:

> Mr. Gamburg: But only, I don't know, two months ago you pled guilty to carrying a gun?
> Mr. Beatty: Yeah.
> Mr. Gamburg: So you were in a car where there was a gun, right?

9

Mr. Beatty:      Right.

[ . . . ]

Mr. Gamburg:  And you pleaded guilty to possessing that gun, right?

Mr. Beatty:      Yes.

[ . . . ]

Mr. Beatty:      I pleaded guilty to [sic] gun case because I couldn't do, what they say, 160 months if I took the case to trial. So they offered me 11 ½ to 23 for a gun and two drug cases, 14 grams of powder on one and a couple grams on another. So, yeah, I pled guilty to it.

Mr. Gamburg:  So 14 grams of powder you know is at least a three-year mandatory, right?

[ . . . ]

Mr. Beatty:      I know I was facing that. That's why I took the deal.

Mr. Gamburg:  And you had a prior possession with intent to deliver, which would make it a four-year mandatory, right?

Mr. Beatty:      If you say so.

Mr. Gamburg:  No, did your lawyer explain that to you?

Mr. Beatty:      No, he didn't.

Mr. Gamburg:  You said you were facing 160 months for your charges, right?

Mr. Beatty:      Yeah, that's what the PD said.

Mr. Gamburg:  So 10 years is 120 months, right?

Mr. Beatty:      Yeah

[ . . . ]

Mr. Gamburg:  So you're facing more than 11 years, correct?

Mr. Beatty:      Right.

N.T. 5/20/11 at 109-12.

This information was clearly disclosed to the defense prior to trial, and trial counsel brought it out on cross-examination for the jury to consider. Petitioner has failed to allege that any other benefit or deal existed.

For the foregoing reasons, this Court properly determined that petitioner's claim lacked merit, and PCRA counsel cannot be ineffective for failure to raise a meritless claim. Therefore, this claim fails.

**4. PCRA counsel was ineffective in failing to investigate the law governing petitioner's claims and better articulate petitioner's claim regarding Detective Ronald Dove. This Court erred in accepting PCRA counsel's no merit letter.**

Petitioner's fourth claim is that PCRA counsel was ineffective in failing to investigate the law and better articulate petitioner's claim regarding Detective Ronald Dove. Additionally, petitioner claims that this Court erred in accepting PCRA counsel's no merit letter and dismissing petitioner's

10

claim. As petitioner failed to provide any proof that Detective Dove's alleged misconduct applied to his case specifically, this Court properly determined that this claim lacked merit, and PCRA counsel was not ineffective for failure to advance a baseless claim. Therefore, this claim fails.

Petitioner claimed that he was entitled to relief because Homicide Detective Ronald Dove was involved in his case.[15] Petitioner claimed that he was entitled to relief based on the sole fact that, subsequent to petitioner's trial, Detective Dove was arrested and charged with crimes wholly unrelated to petitioner's case.

To obtain relief based on after-discovered evidence, a petitioner must demonstrate that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; **(3) will not be used solely to impeach the credibility of a witness;** and (4) would likely result in a different verdict if a new trial were granted.

Commonwealth v. Foreman, 55 A.3d 532, 537 (Pa.Super. 2012), *citing* Commonwealth v. Pagan, 950 A.2d 270, 292 (Pa. 2008) (emphasis added).

Petitioner has failed to provide any indication that Detective Dove altered evidence or committed any wrongdoing with respect to *this case*, or during the time frame that this case occurred. The only information that exists, which stems from newspaper articles, is that Detective Dove was involved with dishonest practices from 2010-13. See Commonwealth v. Castro, 93 A.3d 818 (Pa. 2014) (holding that a claim for after-discovered evidence cannot be based on newspaper articles alone). As an "after-discovered evidence" claim requires that the evidence at issue be used for a purpose other than merely impeaching the credibility of a witness, and cannot be based on newspaper articles alone, this Court properly determined that this claim lacked merit. Therefore, PCRA counsel was not ineffective for failure to assert petitioner's meritless claim regarding Detective Dove, and this claim fails.

---

[15] Petitioner advanced this claim in a letter written to PCRA counsel.

11

For the foregoing reasons, the dismissal of petitioner's PCRA petition should be affirmed.

BY THE COURT:

_____
M. TERESA SARMINA                    J.

12